Filed 12/13/23  P. v. Rodriguez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FRANCISCO ALBERTO RODRIGUEZ,<br><br>    Defendant and Appellant. | G061932<br><br>(Super. Ct. No. 09CF3083)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Francisco Alberto Rodriguez on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

The procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231 (*Delgadillo*).) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and including a concise narration of facts. (*Id.* at p. 231.) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) However, no independent review of the record is compelled. (*Id.* at p. 232.) If no brief or letter is filed, the court may dismiss the appeal without issuing an opinion but should notify the defendant of the dismissal. (*Ibid.*) The court retains discretion to independently review the record in any appeal based on Penal Code section 1172.6.[1] (*Ibid.*)

Counsel requested this court exercise its discretion to conduct an independent review. Counsel identified one issue she considered to assist the court in conducting a discretionary independent review of the record: "Whether the court properly denied Rodriguez's petition at the prima facie stage and whether the appropriate procedures were followed."

We gave Rodriguez 30 days to file written argument on his own behalf. If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Delgadillo, supra*, 14 Cal.5th at p. 232.) Rodriguez filed a supplemental brief, and we address his claims anon.

---

[1] Effective June 30, 2022, the Legislature renumbered former Penal Code section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For clarity, we refer to the statute as section 1172.6. All further statutory references are to the Penal Code.

We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

The context for the limited issue of this appeal is taken from the prior nonpublished opinion, *People v. Rodriguez* (Dec. 8, 2020, G057841) (*Rodriguez*). In 2009, "Rodriguez and his uncle, Jesus Mejia, broke into a garage and were attempting to steal stereo equipment from a car when the owners (Husband and Wife) confronted them. Rodriguez was inside the car and told Husband not to move. He then pointed a gun at Husband. The gun was described as a black rifle or shotgun, not a handgun, 14 to 15 inches long. Mejia pointed a handgun at Wife while she was speaking with a 911 emergency operator. Rodriguez pointed his rifle at Husband and pulled the trigger three times, but the gun appeared to jam. Both Husband and Wife testified as to having observed Rodriguez's finger on the trigger of the rifle or shotgun attempting to pull the trigger and the gun jamming. Each time the weapon did not fire, it made Rodriguez angry, and he shook the rifle. When Rodriguez and Mejia heard sirens, they fled the scene and drove away in a black Toyota after Rodriguez threw his shotgun into the trunk of the car." (*Rodriguez, supra*, G057841.)

Relevant here, a jury convicted Rodriguez of attempted premeditated murder (§§ 664, subd. (a), 187, subd. (a)), second degree vehicle burglary (§§ 459, 460, subd. (b)), second degree robbery (§§ 211, 212.5, subd. (c)), street terrorism (§ 186.22, subd. (a)), and possession of a firearm by a felon (§ 12021, subd. (a)(1)). The jury had received deliberation instructions that included one on the natural and probable consequences doctrine, but the instruction bore only on whether the doctrine could justify a robbery conviction (not attempted murder). The jury also returned true findings on street gang and personal firearm use allegations. (§ 186.22, subd. (b)(1); § 12022.53, subd. (b). (e)(1).)

3

In 2019, the trial court sentenced Rodriguez to an aggregate term of 15 years to life plus 14 years eight months. (*Rodriguez, supra*, G057841.) Rodriguez appealed from the judgment and included a claim of ineffective assistance of counsel, arguing counsel had failed to conduct certain pretrial investigations. (*Ibid.*) Rodriguez also claimed his sentence should be corrected, but not because of section 654's prohibition on double punishment for the same acts. (*Ibid.*) In 2020, we affirmed the jury's convictions and agreed with the parties that a portion of the sentence should be corrected from a 15-year-to-life term to a life term with a minimum parole eligibility of 15 years. (*Ibid.*)

In May 2022, Rodriguez filed a petition for resentencing pursuant to section 1172.6. The trial court appointed counsel for Rodriguez and conducted a hearing before summarily denying the petition. Rodriguez timely appealed.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) (Stats. 2018, ch. 1015) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) The statutes were amended "to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, [and] was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra*, 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Stats. 2018, ch. 1015, § 4.)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to explicitly expand the category of individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).)

4

Subdivision (a) of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition must make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* 11 Cal.5th at p. 960.) In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

Here, the trial court summarily denied Rodriguez's petition for resentencing based on a conclusion that he failed to make a prima facie showing he "could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).) Specifically, the court found Rodriguez ineligible as a matter of law because he was not convicted of attempted murder based on the natural and probable consequences theory, he had been the actual perpetrator of his attempted murder offense, and the jury had explicitly found he had acted with specific intent to kill.

In his supplemental brief, Rodriguez asserts three contentions for our review: (1) the jury instructions given, including on the natural and probable consequences theory of intent, were misleading; (2) the prosecution did not meet its burden to prove Rodriguez had intended to commit murder; and (3) section 654 should have barred parts of the trial court's sentence based on gang participation enhancements.

The issue in this appeal is whether the trial court erred when it found Rodriguez ineligible for section 1172.6 resentencing. As noted, the jury convicted him of the following three crimes (among others): second degree vehicle burglary (§§ 459, 460, subd. (b)); second degree robbery (§§ 211, 212.5, subd. (c)); and attempted murder (§§ 664, subd. (a), 187, subd. (a)). Rodriguez does not dispute the jury returned a verdict that explicitly found "the attempted murder was committed willfully, deliberately and with premeditation within the meaning of . . . section 664[, subdivision](a)."

5

The record establishes conclusively (*People v. Strong* (2022) 13 Cal.5th 698, 708) that the trial court's deliberation instructions to the jury on attempted murder did not implicate the natural and probable consequences theory as Rodriguez claims in his supplement brief. Although he correctly notes an instruction on the theory was given, as noted, the instruction is clear it bore only on whether the theory could justify the robbery conviction in this case (not attempted murder). In other words, the record directly negates any reasonable possibility that the jury's findings on attempted murder were influenced by the court's instructions on the natural and probable consequences theory eliminated by the recent changes to sections 188 and 189 (statutes pertaining to liability for homicide and not robbery).

The remaining two contentions Rodriguez asserts in his supplemental brief are attempts to litigate issues that, even if meritorious, existed at the time this court decided his direct appeal in 2020. (*Rodriguez, supra*, G042192.) "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) Nothing in section 1172.6 suggests otherwise.

Accordingly, we do not address Rodriguez's remaining contentions. Our restraint implies nothing about the possibility for relief on the assertions through a petition for a writ of habeas corpus. (See *In re J.F.* (1969) 268 Cal.App.2d 761, 766 ["in this state habeas corpus is a proper vehicle with which to challenge the constitutional validity of prior felony convictions, long since final"]; see also *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 5 [judgment final after "time for petitioning for a writ of certiorari in the United States Supreme Court has passed"].) We have reviewed the record independently, considered the possible issues raised by counsel and Rodriguez's supplemental brief, and found no arguable issues for this appeal.

DISPOSITION

The postjudgment order is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


SANCHEZ, J.

7